

OFFICE *of the* ATTORNEY GENERAL
GREG ABBOTT

February 19, 2003

The Honorable Robert Duncan
Chair, Jurisprudence Committee
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0023

Re: Whether the use of motor-vehicle-registration fees to fund trauma facilities contravenes article VIII, section 7-a of the Texas Constitution (RQ-0589-JC)

Dear Senator Duncan:

Senator Wentworth, former chair of the Redistricting Committee, asked whether article VIII, section 7-a of the Texas Constitution "prohibits the levy of a motor vehicle registration fee for the purpose of funding trauma centers."[1]

By the phrase "trauma center," we assume that Senator Wentworth refers to a trauma facility designated under section 773.115 of the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 773.115(a) (Vernon Supp. 2003); 25 TEX. ADMIN. CODE § 157.125 (2002) (Tex. Dep't of Health, Requirements for Trauma Facility Designation); *see also* TEX. HEALTH & SAFETY CODE ANN. § 773.115(c) (Vernon Supp. 2003) (restricting use of phrases "trauma facility," "trauma hospital," and "trauma center"). A trauma facility, which is "part of an emergency medical services and trauma care system," is a health-care facility that can treat a seriously injured person comprehensively. TEX. HEALTH & SAFETY CODE ANN. § 773.003(19) (Vernon Supp. 2003), *as renumbered by* Act of May 27, 1991, 72d Leg., ch. 605, § 1, 1991 Tex. Gen. Laws 2199, 2200; *see also id.* § 773.003(8)-(9), (20), (22) (defining "emergency medical services," "emergency medical services and trauma care system," "trauma patient," and "trauma services"); 25 TEX. ADMIN. CODE § 157.2(72) (2002) (Tex. Dep't of Health, Definitions) (defining "trauma facility").

Under article VIII, section 7-a of the constitution, revenues received from motor-vehicle-registration fees may be used only for a purpose designated in that constitutional provision:

> Subject to legislative appropriation, allocation and direction, all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle

---

[1]Letter from Honorable Jeff Wentworth, Chair, Redistricting Committee, Texas State Senate, to Honorable John Cornyn, Texas Attorney General (Aug. 14, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

> registration fees, and all taxes, except gross production and ad valorem taxes, on motor fuels and lubricants used to propel motor vehicles over public roadways, shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws as may be prescribed by the Legislature pertaining to the supervision of traffic and safety on such roads; and for the payment of the principal and interest on county and road district bonds or warrants voted or issued prior to January 2, 1939, and declared eligible prior to January 2, 1945, for payment out of the County and Road District Highway Fund under existing law; . . . provided, however, that the net revenue derived by counties from motor vehicle registration fees shall never be less than the maximum amounts allowed to be retained by each County and the percentage allowed to be retained by each County under the laws in effect on January 1, 1945. . . .

TEX. CONST. art. VIII, § 7-a; *see State v. City of Austin*, 331 S.W.2d 737, 746 (Tex. 1960). Conversely, motor-vehicle-registration-fee revenues may not be diverted to a purpose that is not listed. *See* Tex. Att'y Gen. Op. No. JC-0501 (2002) at 2; *see also* Tex. Att'y Gen. Op. No. JM-593 (1986) at 2 (stating that money constitutionally earmarked for specific purpose cannot be dedicated to another purpose). While motor-vehicle-registration fees are "[s]ubject to legislative appropriation, allocation[,] and direction," TEX. CONST. art. VIII, § 7-a, the legislature may not dedicate the revenues to a purpose other than one enumerated in article VIII, section 7-a. *See City of Austin*, 331 S.W.2d at 746 (stating that revenues received under article VIII, section 7-a may be used only for purposes designated in that provision); Tex. Att'y Gen. Op. No. JM-593 (1986) at 2 (same); *see also* TEX. CONST. art. VIII, § 7 (prohibiting legislature from diverting any special fund from its purpose).

We conclude, as a matter of law, that article VIII, section 7-a of the constitution does not permit the use of motor-vehicle-registration fees to fund trauma facilities. None of the permissible purposes listed in article VIII, section 7-a can be construed to encompass the funding of such facilities. *See* TEX. CONST. art. VIII, § 7-a.

### S U M M A R Y

        Article VIII, section 7-a of the Texas Constitution does not, as a matter of law, authorize the use of motor-vehicle-registration fees to fund trauma facilities.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee